In re Cathy Renee KNUPP, Debtor.

**Herbert L. Beskin, Chapter 13 Trustee, Plaintiff,**

v.

**Cathy Renee Knupp, Defendant.**

**Bankruptcy No. 06–50342. Adversary No. 10–05012.**

United States Bankruptcy Court, W.D. Virginia, Harrisonburg Division.

July 26, 2011.

---

Thomas W. Dixon, Jr., Esquire, Staunton, VA, for Debtor.

Angela Scolforo, Esquire, for the Chapter 13 Trustee, Herbert L. Beskin, Esquire.

## DECISION AND ORDER

ROSS W. KRUMM, Bankruptcy Judge.

At Harrisonburg in said District on this 26th day of July, 2011:

An evidentiary hearing was held on May 19, 2011, to consider the Chapter 13 Trustee's complaint seeking revocation of the Debtor's discharge under 11 U.S.C. § 1328(e). After considering the arguments of the parties and the evidence presented at trial the Court makes the following findings of fact and conclusions of law.

### Facts

The Debtor filed her Chapter 13 petition on July 30, 2006. At the time she filed her petition she was represented by David Earman, Esquire. On September 8, 2006, Janice R. Krock, the Debtor's aunt, passed away. In her Last Will and Testament, Ms. Krock bequeathed to the Debtor a substantial amount of money. On March 15, 2007, the Debtor received $26,200.00 from Ms. Krock's life insurance policy. On March 31, 2007, the Debtor inherited $50,000.00 from Ms. Krock's estate. On April 12, 2007, the Debtor inherited $9,000.00 from Ms. Krock's estate. On October 22, 2007, the Debtor inherited $10,000.00 from Ms. Krock's estate. On April 16, 2008, the Debtor inherited $3,468.00 from Ms. Krock's estate. On May 15, 2007, the Debtor's Chapter 13 Plan was confirmed. The Chapter 13 Plan, as confirmed, paid unsecured's thirty three percent of their claims.

At the same time she was proceeding with her bankruptcy case, the Debtor was in the midst of divorce proceedings from her now ex-husband. As is typical of divorce proceedings, the Debtor and her ex-husband went through numerous judicial proceedings until January 8, 2008, when the Circuit Court of Rockingham County entered a judgment finding the marital property to be worth $89,000.00. The Debtor's interest in the marital property was at least $40,000.00. After receiving the decision, the Debtor proceeded to commence efforts to collect the amount owed to her from her ex-husband. The lawyer for the Debtors's ex-husband, however, informed the Debtor that she may not be entitled to collect the judgment awarded to her because she failed to properly complete her bankruptcy petition. Specifical-

ly, the lawyer for the Debtor's ex-husband raised questions regarding the inheritance the Debtor received from Ms. Krock and whether the Debtor properly disclosed said funds on her bankruptcy petition.

In April, 2009, the Debtor, having been apprised by her ex-husband's divorce lawyer that something may be amiss with her bankruptcy disclosures, contacted Mr. Earman to discuss with him the legal underpinnings of inheritance disclosure in Chapter 13. The contents of the April, 2009 discussion are in dispute and thus, the Court will reserve its findings of fact regarding what was said during this conversation for the discussion section of this Decision and Order. It is, however, undisputed that following her conversation with Mr. Earman, the Debtor paid off the remaining balance due to creditors under her Chapter 13 Plan on April 23, 2009. On June 3, 2009, the Court entered an Order granting the Debtor a discharge of her debts under 11 U.S.C. § 1328(a). On December 21, 2009, the Debtor's case was closed. It is also undisputed that had the Debtor disclosed her inheritance prior confirmation of her Chapter 13 plan on May 15, 2007, the Debtor would have been required to amend her plan to pay her creditors a higher dividend than they received when she paid off her plan on April 23, 2009.

On April 12, 2010, the Chapter 13 Trustee filed a Motion to Reopen Case to File Adversary Proceeding to Revoke Discharge. The Debtor did not object to the Chapter 13 Trustee's motion to reopen case. On April 13, 2010, the Court entered an Order granting the Chapter 13 Trustee's motion and reopening the Debtor's case. On April 14, 2010, the Chapter 13 Trustee commenced the above-captioned adversary proceeding by filing his complaint. In the complaint the Chapter 13 Trustee sought the revocation of the Debtor's discharge under 11 U.S.C. § 1328(e). The summons and a copy of the complaint was served on the Debtor on April 23, 2010. The Debtor failed to timely respond. On June 1, 2010, the Court entered a default judgment against the Debtor and revoked her discharge under § 1328(e). On June 10, 2010, the Debtor filed a Motion to Vacate the Default Order Entered on June 1, 2010. On August 3, 2010, the Debtor filed an answer to the Chapter 13 Trustee's complaint. On August 27, 2010, the Court entered an Order vacating the June 1, 2010 default judgment. An evidentiary hearing on the Chapter 13 Trustee's complaint and the Debtor's answer to the complaint was held on May 19, 2011.

### Discussion

The question of whether to revoke a Chapter 13 debtor's discharge under 11 U.S.C. § 1328(e) is one of first impression in the Western District of Virginia. Therefore, the Court makes the following conclusions of law regarding the burden of proof, standard of proof, and elements of proof required to obtain relief under § 1328(e).

### Burden and Standard of Proof

The burden of proof rests upon the party seeking revocation of the discharge. The party seeking revocation must satisfy all of the elements of proof enumerated below by a preponderance of the evidence.[1]

---

1. Although decided in the context of denial of discharge under 11 U.S.C. § 523, the Court finds that the decision of *Grogan v. Garner,* 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991) finding that a preponderance of the evidence standard is applicable when deciding matters related to a debtor's discharge to be applicable in the context of revocation of discharge under § 1328(e).

## Elements of Proof

■ 11 U.S.C. § 1328(e) states that

(e) On request of a party in interest before one year after a discharge under this section is granted, and after notice and hearing, the court may revoke such discharge only if—

(1) such discharge was procured by the debtor through fraud; and

(2) the requesting party did not know of such fraud until after such discharge was granted.

11 U.S.C. § 1328(e) (West, 2011). The clear language of the statute establishes that the party seeking revocation must demonstrate that (1) the request for revocation of the discharge must be made within one year after a discharge is granted; (2) that the discharged was procured by the debtor through fraud; and (3) that the requesting party did not know of the fraud until after the discharge was granted. Since the elements of proof are written in the conjunctive, all elements must be proven in order for relief under § 1328(e) to be granted.

## One Year Time Frame

■ With regard to the one year requirement, Fed.R.Bankr.P. 9006(a)(1) governs the computation of time periods provided for in the Bankruptcy Code.[2] Rule 9006(a)(1) states that

(1) Period stated in days or a longer unit. When the period is stated in days or a longer unit of time:

(A) exclude the day of the event that triggers the period;

(B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and

(C) include the last day of the period, but if the last day is a Saturday, Sun-

day, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

Fed.R.Bankr.P. 9006(a)(1) (West, 2011). § 1328(e) requires a party seeking revocation to file the request within one year of the granting of the discharge. Thus, the event that triggers the one year period it the date the discharge is granted. The date the discharge is granted is the date on which the order granting the discharge is entered by the court. Therefore, pursuant to Rule 9006(a)(1)(A), the party seeking revocation must file its request for relief with the court no later than one year from the day *after* the discharge order is entered. In this case, the Court entered the Order granting the Debtor her discharge on June 3, 2009. The one year window for parties in interest to seek revocation of her discharge began on June 4, 2009. The Chapter 13 Trustee filed his request for revocation of the Debtor's discharge on April 14, 2010, well within the one year period. Accordingly, the Court finds that the Chapter 13 Trustee has satisfied the first element of proof required by § 1328(e).

## Debtor Procured Her Discharge Through Fraud

■ The second element of proof requires the party seeking revocation of a discharge under § 1328(e) to demonstrate that the debtor procured her discharge through fraud. *In re Cisneros,* 994 F.2d 1462, 1466 (9th Cir.1993) stated that in choosing the language of § 1328(e), and in particular limiting revocation to only instances of fraud, Congress was seeking to emphasize "that other grounds for revocation—whether general equitable principles

---

2. Where such a computation is not already provided by the relevant code provision be-

cause the statute takes precedence over a conflicting rule.

or some reason set forth in section 727(d), which governs revocation of a discharge granted in a Chapter 7 proceeding-are not to be imported into the Chapter 13 context." Pursuant to *Cisneros,* the Court will not consider equitable principles or any of the bases of denial of discharge under § 727(d) when determining whether to revoke a Chapter 13 debtor's discharge. There is no Chapter 13 case precedent to guide the Court in making a decision. Thus, Court finds that in order to demonstrate that a Chapter 13 debtor obtained a discharge through fraud the party seeking revocation must establish (1) that the debtor knowingly and fraudulently committed an act or omission in connection with her bankruptcy proceeding; and (2) that the act or omission concerned a material fact.

■ Since debtors will rarely admit to committing fraud, the party seeking revocation may establish a debtor's fraudulent intent (1) through circumstantial evidence including an inference drawn from the debtor's behavior and conduct; or (2) by proving that the debtor possessed a reckless indifference for the truth.

■ In this case, the Court, for the following reasons, finds that the Debtor obtained her discharge through fraud.

After considering all of the testimony and evidence provided by both parties at trial the Court finds that two clear pictures emerge of the Debtor during the pendency of her Chapter 13 case. The first picture takes shape during the period of time beginning with the filing of her bankruptcy petition and ending in and around April, 2009. During this period of time, the Court finds that the Debtor conducted herself in accordance with an off-hand remark made by the Chapter 13 Trustee during the Section 341 meeting of creditors at which the Chapter 13 Trustee stated that the Debtor could win the lottery ninety days after she filed her petition and not have to disclose it because she was out of the ninety day clawback period.[3] Thus, the Court finds that the Debtor, operating under the belief she formed as a result of the Chapter 13 Trustee's comment, did not disclose the funds she received from Ms. Krock's estate because she received them outside of the ninety day period. The Court finds that there is insufficient evidence to support a finding that the Debtor, for the period of time beginning with the petition date and ending in April, 2009, knowingly and fraudulently failed to disclose the funds she received from Ms. Krock's estate.

The second picture of the Debtor is based upon the actions she took in April 2009. Based on the Debtor's testimony the Court finds that at some point prior to April 2009 the Debtor was confronted with allegations made by her ex-husband's attorney. These allegations concerned her ability to obtain a money judgment awarded to her in the Debtor's divorce proceeding. Distressed about the prospect of not being able to collect the money owed to her under the divorce decree, the Debtor contacted her attorney, Mr. Earman.[4]

The Debtor testified that she contacted Mr. Earman via telephone and informed him that she had received money from an inheritance but that the money was received after what she considered to be the clawback period, ninety days. The Debtor further testified that after listening to the facts presented by the Debtor, Mr. Earman told her that she did not need to

**3.** Transcript of Record at 21, *Beskin v. Knupp (In re Knupp),* Adversary Proceeding No. 10–05012–HAR (Bankr.W.D.Va. May 31, 2011).

**4.** Transcript of Record at 23.

disclose the inheritance.[5]

Mr. Earman, however, testified that the Debtor told him that she was entitled to an inheritance but that she did not receive any money because of the way the estate was being handled [6]. Mr. Earman further testified that he informed the Debtor that while she did not need to disclose any inheritance if she did not receive any items, if she received any items from that inheritance she would need to inform him.

Based upon the Court's opportunity to hear the testimony of both the Debtor and Mr. Earman, and to observe the demeanor of the witnesses, the Court finds the testimony of Mr. Earman to be the more credible of the two renditions of the April conversation. Thus, the Court finds that the Debtor called Mr. Earman and their conversation confirmed to her the allegation made by her ex-husband's attorney that she should have disclosed the funds she received from Ms. Krock's estate on her bankruptcy petition and that her failure to do so may impede the Debtor's ability to collect on the divorce decree. After learning of this potential impediment the Debtor decided to remove the "hassle" associated with the bankruptcy case and pay off the case in full.[7] By paying off the bankruptcy case, the Debtor believed, she would be able to proceed, unimpeded, to collect the money owed to her by her ex-husband.

In reviewing these events the Court finds that a clear picture emerges in which the Debtor, anxious to obtain the funds awarded to her by the divorce decree, desired to rid herself of her bankruptcy proceeding and collect her discharge. In order to shed herself of the burdens of the bankruptcy proceeding and obtain her discharge the Debtor chose to pay off the outstanding balance owed to her creditors under her Chapter 13 plan. The Debtor was fully aware of her duty to disclose the monies she received from Ms. Krock but chose not to. Instead, she made the knowing decision to pay off her Chapter 13 plan in the hopes of obtaining her discharge without having to contribute more money to her creditors and thus, committed a fraud on the Court and a fraud on her creditors and the officers of her estate. Accordingly, the Court finds that her decision to pay off the outstanding balance on her Chapter 13 plan rather than disclose the monies she received from Ms. Krock after she had been informed by her attorney that she was obligated to do so constitutes a knowing and fraudulent act on the part of the Debtor.

Additionally, the Court finds that the $98,668.00 [8] the Debtor received from Ms. Krock is material. Thus, the Debtor's failure to disclose said funds concerns a material fact. Therefore, the Court finds that the Debtor knowingly and fraudulently committed an act or omission that concerned a material fact with respect to her bankruptcy proceeding and thus, procured her discharge through fraud.

### Requesting Party Did Not Know of the Fraud Prior to the Issuance of the Discharge

As stated above, the final element of proof required by § 1328(e) is that the party seeking revocation did not know of the fraudulent activity complained of prior to the issuance of the debtor's discharge. In this case, there is no dispute surrounding the fact that the Chapter 13 Trustee did not know of the Debtor's failure to

---

5. Transcript of Record at 21.

6. Transcript of Record at 34

7. Transcript of Record at 23.

8. $98,668.00 = $26,200.00 + $50,000.00 + $9,000.00 + $10,000.00 + $3,468.00.

disclose the monies she received from Ms. Krock's estate until after the Debtor obtained her discharge.

### Conclusion

In conclusion the Court finds that the Debtor obtained her discharge through fraud, that the Chapter 13 Trustee did not know of such fraud prior to the issuance of the discharge, and that the Chapter 13 Trustee timely filed its request for revocation of the Debtor's discharge under § 1328(e). Accordingly, it is

### ORDERED

That the Debtor's discharge is hereby **REVOKED** pursuant to 11 U.S.C. § 1328(e).

Copies of this Decision and Order are directed to be sent to counsel for the Debtor, Thomas W. Dixon, Jr., Esquire and to Angela Scolforo, Esquire, counsel for the Chapter 13 Trustee, Herbert L. Beskin, Esquire.